**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eddie W. Bell, Jr.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Robert Moore and The Hillman Group,<br><br>　　　　Defendants. | No. CV 06-1526-PHX-SMM<br><br>**ORDER** |

Pending before the Court are Defendant Robert Moore's ("Moore") Motion to Dismiss Moore as a Party to the suit (Doc. 9), Plaintiff Eddie W. Bell, Jr.'s ("Bell") Motion to Amend Complaint (Doc. 14), and Defendant Moore's Motion for Summary Disposition (Doc. 19). After considering the arguments, the Court issues the following Order.

**BACKGROUND**

On or about May 30, 2006, Bell filed a complaint alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"), the Equal Pay Act ("EPA"), and retaliation. Specifically, Plaintiff alleged the following: "Title VII (company condones slaver [sic] driver comment); failure to provide a safe and healthy work environment (dust particles at work station caused asthma condition to worsen); stress conditions caused mental condition to increase; electrical parts that are not suitably guarded isolated or insulated;

misuse of disability funds and hostile work environment harassment and eavesdropping." (Doc.1).

Thereafter, Defendants timely filed their Answer. On November 20, 2006, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Moore filed a Motion to Dismiss Plaintiff's claims against him for failure to state a claim upon which relief can be granted. By an Order dated November 29, 2006, this Court advised Defendant of the specific provisions of LRCiv 7.2 of the Rules of Practice of the United States District Court for the District of Arizona. Further, the Court explained that the failure of Plaintiff to respond to Defendant Moore's Motion to Dismiss may, in the discretion of the Court, be deemed a consent to the granting of that Motion without further notice, and judgment may be entered dismissing the Complaint and action with prejudice pursuant to LRCiv 7.2(i). To date, the Court has not received Plaintiff's Response. On December 5, 2006, this Court held a Preliminary Pretrial Conference. Prior to the conference, the parties filed a Rule 26(f) Case Management Plan. Despite representations made to the contrary[1], on December 15, 2006, Plaintiff filed a Motion to Amend his Complaint (Doc. 14). On January 3, 2007, Moore filed a Motion for Summary Disposition (Doc. 19) on the grounds that Bell failed to comply with Local Rule 7.2(i) and this Court's Order pertaining to his obligation to respond to the pending Motion to Dismiss. Based on the foregoing, the Court makes the following ruling.

**STANDARD OF REVIEW**

**I.      Fed.R.Civ.P.15(a)**

Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. While leave to amend is not automatic, it will generally be granted unless the opposing party makes a showing of "undue delay, bad faith or dilatory motive on the part of

---

[1] At the Pretrial Conference, the Court discussed at length Bell's obligation as to comply with the Rules of Civil Procedure. Thereafter, Bell represented to the Court that he was not intending to file any amendments to his Complaint. His Motion to Amend was filed 10 days after the Pretrial Conference.

- 2 -

1 the movant, repeated failure to cure deficiencies by amendments previously allowed, undue
2 prejudice to the opposing party by virtue of allowance of the amendment or *futility of*
3 *amendment*. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

## DISCUSSION

**II.    Motion to Dismiss (Doc. 9) and Motion for Summary Disposition (Doc. 19)**

The argument made by Defendant Moore regarding Plaintiff's failure to respond to Defendant's Motion to Dismiss is well taken by the Court. Local Rule 7.2(i) provides that the failure of Plaintiff to respond to Defendant's motion may, in the discretion of the Court, be deemed a consent to the granting of that Motion. LRCiv 7.2(i). Courts have consistently exercised their discretion to grant motions on collateral issues, on the basis that, in failing to respond, the opposing party has consented to such action by the court. *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1147 (9th Cir. 2004). Failure to follow a district court's local rule is a proper ground for dismissal. *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (the Court explicitly limited its holding to Rule 12 motions) (citing *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979); *but see Brydges v. Lewis*, 18 F.3d 651, 652 (C.A.9 (Ariz.),1994) *(citing Henry v. Gill Industries, Inc.,* 983 F.2d 943, 950 (9th Cir.1993) ("[a] local rule that *requires* the entry of *summary judgment* simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with [Fed.R.Civ.P.] 56, hence impermissible under [Fed.R.Civ.P.] 83."). In the instant case, the language of LRCiv 7.2(i) is permissive in nature. Therefore, the decision as to whether dismissal is appropriate is within the discretion of the trial judge and is properly determined based on the specific record.

Moore asserts that he is not a proper party to this suit as a matter of law, and in his Motion to Dismiss, he set forth numerous legal arguments in support of his assertion. Furthermore, Moore filed his Motion to Dismiss on November 20, 2006, and to date Defendant has yet to respond to the motion. Such a failure to respond is critical to

- 3 -

Defendant Moore because absent disposition of the motion, Moore is forced to defend a case for which he contends he is not a proper party. Further, Moore was compelled to spend time and resources filing a Motion for Summary Disposition to raise the issue with the Court of Bell's non-compliance. Consequently, the Court finds that justice so requires the Court to grant the Motion to Dismiss Moore as a party to avoid unfair harm to Defendant Moore for Bell's failure to comply with Local Rules, and specific warnings provided by the Court.

Moreover, despite the fact that Plaintiff is representing himself, he is still bound by the Rules of Civil Procedure. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (holding that the pro per litigant must follow court rules). Consequently, the Motion to Dismiss (Doc. 9) Plaintiffs Complaint as to Defendant Moore for failure to state a claim upon which relief may be granted is hereby **GRANTED**. In light of the Court's decision, the Defendant's Motion for Summary Disposition (Doc.19) is hereby **GRANTED** for the reasons stated herein.

### III.     Motion to Amend (Doc. 14)

Plaintiff moves for leave to file an Amended Complaint adding a new cause of action based upon the Privacy Act of 1974, 5 U.S.C. § 552a. Defendants oppose Plaintiff's motion, arguing that the amendment would be futile because the Privacy Act does not apply to private entities such as The Hillman Group. "5 U.S.C. § 552a(b) limits the disclosure of federal agency records; § 552a(g)(1) provides a private cause of action against an agency for failing to comply with § 552a(b). The agency is the only proper party to such a suit; the civil remedy provisions do not apply to individual defendants." *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1340 (9th Cir.1987); *See* 5 U.S.C. § 552a(g)(1); *Unt v. Aerospace Corp.,* 765 F.2d 1440, 1447 (9th Cir.1985). Furthermore, under the Privacy Act, the definition of "agency" includes only the following: an executive department, military department, government corporation, or other establishment in the executive branch, or any independent regulatory agency. 5 U.S.C. §552(f)(1). Accordingly, Defendants contend and

- 4 -

the Court agrees that granting Plaintiff leave to amend his Complaint to add a cause of action under the Privacy Act of 1974 would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Consequently, the Court finds that Plaintiff's Motion to Amend his Complaint (Doc. 14) is hereby **DENIED**.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint (Doc.14) to add a claim on the grounds that Defendants violated the Privacy Act of 1974 is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant Moore's Motion to Dismiss (Doc. 9) for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P.12(b)(6) is hereby **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Moore's Motion for Summary Disposition (Doc. 19) is hereby **GRANTED**.

DATED this 20th day of March, 2007.

_____
Stephen M. McNamee
United States District Judge

- 5 -